## COWDERY v. McCHESNEY.

### Sac. No. 591; July 25, 1899.

#### 58 Pac. 62.

**Expert Witness—Qualification.**—In an Action to Recover for Personal Services in nursing and caring for defendant's testator, plaintiff introduced as an expert witness as to the value of the services a woman of experience in the same kind of work, and who had seen the nature of plaintiff's services on the ranch where they were performed. In answer to the question, "From your experience, and what you saw on the ranch, are you able to say what such services are reasonably worth?" she replied, "Well, I am able to tell what I think." Held, that the court erred in excluding the testimony on the ground that witness had admitted her incompetency.

APPEAL from Superior Court, San Joaquin County.

Action by Minnie E. Cowdery against Clark McChesney, as executor of George M. Kasson, deceased. From a judgment for defendant, plaintiff appeals. Reversed.

Minor & Ashley for appellant; John A. Percy, Budd & Thompson and Nicol & Orr for respondent.

GRAY, C.—This action is brought to recover the reasonable value of certain services, as housekeeper, superintendent of the household and domestic affairs, and as nurse, alleged to have been performed by plaintiff for her deceased uncle, George M. Kasson, in his lifetime. For several years immediately preceding the death of Kasson he was afflicted with various disorders of body and mind which rendered it necessary that he should have the constant attention of someone to take care of his person and home. He engaged the plaintiff to perform this service for him, agreeing that she should be well paid. To show the value of her services, the plaintiff called as a witness Mrs. S. A. Hathaway, who testified to her acquaintance with deceased; that she had been at his house

the night before and on the morning of his death, and had observed what was necessary to be done to take care of him properly; and that she had occupied a position at the state insane asylum as a keeper of a ward, it being her duty to superintend the ward, and see that the work of caring for the patients was properly done. She was then asked, "From your experience at the asylum, and what you saw on the Kasson ranch, are you able to say what such services as Mrs. Cowdery rendered there were reasonably worth?" to which the witness answered, "Well, I am able to tell what I think." Plaintiff then asked her, "What were the services rendered by Mrs. Cowdery upon the Kasson ranch reasonably worth, if you know?" This question was objected to on the ground "that the witness has shown, by her own examination, that she is not competent to testify." It would seem that the court erred in sustaining this objection. The testimony of the witness shows that she was in a position to give an intelligent opinion as to the reasonable worth of the plaintiff's services in caring for her afflicted uncle, and the question objected to was therefore competent and proper. When plaintiff rested her case, no evidence had been elicited as to the value of her services; consequently the above ruling of the court was prejudicial to her rights. On account of this error we advise that the judgment and order denying a new trial be reversed.

We concur: Britt, C.; Chipman, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order denying a new trial are reversed.